SLR:KAS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

MAYER VAKNIN,

              Defendant.

- - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUL 11 2006 ★

BROOKLYN OFFICE

PRELIMINARY ORDER
OF FORFEITURE

06 CR 82 (S-1)(DGT)

      WHEREAS, in a plea agreement dated July 7, 2006 the defendant MAYER VAKNIN, pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, agreed to forfeit to the United States of America: 1) all right, title and interest in the real premises known as and located at 2301 Collins Avenue, Apt. 1617, Miami, FL 33139 (the "2301 Collins Avenue premises"); 2) all funds on deposit in Account No. 104-0081 held at Interchange Bank, Englewood Cliffs, NJ; and 3) all right, title and interest in a Yellow Hummer H2, VIN # 5GRGN23U84H11637 (the "Forfeited Assets"); and

      WHEREAS, the Court finds that the defendant had an interest in the above-described funds and property, which are forfeited to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c); and

WHEREAS, the plea agreement and such forfeiture shall be made part of the sentence and included in the judgment of conviction.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that all of the defendant's right, title and interest in the Forfeited Assets is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that, no later than September 1, 2006, the defendant shall sell the 2301 Collins Avenue premises in an arms-length transaction at fair market value;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that at least seven (7) days prior to the closing on the sale of the 2301 Collins Avenue premises, counsel for VAKNIN shall deliver to the United States of America the name, address, and phone number of the proposed purchaser and an itemized statement of costs incurred in connection with the foregoing transaction;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that, at closing on the sale of the 2301 Collins Avenue premises, the net proceeds[1] of the sale shall be delivered to the United

---

[1] The "net proceeds" shall be defined as the gross proceeds from the sale of the 2301 Collins Avenue premises less (a) the amount owed to any third party mortgagor and (b) reasonable closing costs and legal fees incurred by VAKNIN by virtue of the closing of the instant sale.

States Attorney's Office, One Pierrepont Plaza, 14th Floor, Brooklyn, New York 11201, Attn: Assistant U.S. Attorney Kenneth A. Stahl in a check made payable to the "United States Marshals Service, Eastern District of New York," and bearing the criminal case number on the check.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that upon entry of this Order, the United States Attorney General or designee is authorized to seize the Forfeited Assets, conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the United States shall publish notice of the order and its intent to dispose of the Forfeited Assets in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeited Assets.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that any person other than the Defendant asserting a legal interest in the Forfeited Assets may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity

of his alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the United States shall have clear title to the Forfeited Assets identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Clerk of the Court shall forward five certified copies of this Order to the United States Attorney's Office, 1 Pierrepont Plaza, 14th Floor, Attn: AUSA Kenneth A. Stahl.

Dated:   Brooklyn, New York
         July 7, 2006

                                        s/David G. Trager
                                        ―――――――――――――――――――
                                        HONORABLE DAVID G. TRAGER
                                        UNITED STATES DISTRICT JUDGE